OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and that of Special Term reinstated.
The summary judgment motion of third-party defendant, Volkswagenwerk, AG. (VWAG), was denied by Special Term but granted by the Appellate Division. In the main action plaintiffs Elkan sue defendant Arredondo, driver of a vehicle which collided with the Elkans’ Volkswagen, Luby Volkswagen, from whom the Elkans purchased their car secondhand, and Volkswagen of America, Inc., United States distributor of Volkswagen automobiles. Luby, as third-party plaintiff, then impleaded VWAG and Klippan G.M.B.H., manufacturer of the vehicle and of the seat belts, respectively.
In the main action the claim is that after the Arredondo vehicle struck the Elkans’ Volkswagen, the seat belt for the front passenger seat came open and Mrs. Elkan was propelled out of the seat and against the passenger side door which opened, causing her to sustain severe injuries when she was precipitated into the roadway.
VWAG concedes that the Elkan vehicle was manufactured by it and was equipped with seat belts when it was imported into the United States. The theory of the Elkans’ claims against Luby and Volkswagen of America is that the seat belt system and door latch mechanism were defective in, among other things, design. VWAG predicates its motion on the fact that the Volkswagen in question went through four prior owners before being purchased by the Elkans from Luby, that when Mr. Elkan first saw the car it had no seat belts and Luby installed “the seat belt *641 system.” It therefore contends, and the Appellate Division agreed, it cannot be shown that the vehicle was defective when it left VWAG’s hands.
The difficulty with the argument is that the evidence on which VWAG relies does not establish that Luby installed the seat belt system. The testimony of Mr. Elkan was that “seat belts” were installed, not the seat belt system, and the Luby work order simply says “install seat belt.” The trier of fact may infer from this evidence either that the installation was of the belt but not the anchors or that it was of both. There is thus an issue of fact concerning whether VWAG was the installer of anchors defective in design or in manufacture or installation. Had VWAG included in its motion papers the affidavit of an expert who had examined the Elkan car after the accident and could pinpoint what caused the seat belt to open, Luby would then have been required to come forward with countervailing proof. On the papers presented it is for the trier of fact to decide whether the evidence establishes the existence of a defect at the time the vehicle left VWAG’s hands.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fughsberg and Meyer concur.
Order reversed, with costs, and the order of Supreme Court, New York County, reinstated in a memorandum.