■ DIANE ELKAN et al., Plaintiffs, v SIMON ARREDONDO et al., Defendants. LUBY VOLKSWAGEN, INC., Third-Party Plaintiff-Respondent-Appellant, v VOLKSWAGENWERK, AG., Third-Party Defendant-Respondent, and KLIPPAN G.M.B.H. HAMBURG, Third-Party Defendant-Appellant. — Motion by Volkswagenwerk, AG., for reargument or for leave to appeal is granted only to the extent of granting reargument, and upon reargument, vacating our most recent memorandum for the list (97 AD2d 696) and substituting in lieu thereof the following revised memorandum: Judgment, Supreme Court, New York County (Atlas, J.), entered March 4, 1983, granting the motion of Volkswagenwerk, AG. (VWAG) for summary judgment dismissing the third-party complaint as against it, reversed, on the law, and the motion denied, with costs. Upon a prior appeal, the Court of Appeals denied the motion of third-party defendant Volkswagenwerk, AG. for summary judgment (53 NY2d 639). The Court of Appeals stressed that an issue of fact existed as to whether VWAG was the installer of anchors defective in design or in manufacture or installation. The highest court indicated that defendant and third-party plaintiff Luby Volkswagen, Inc. (Luby) would have been required to come forward with countervailing proof if VWAG had submitted an expert's opinion as to why the seat belt had opened (*supra*, at p 641). The Court of Appeals did not specifically deny that first motion for summary judgment because an issue of fact existed as to whether the door latch mechanism, manufactured by VWAG, was defective. After additional disclosure, VWAG brought a second motion for summary judgment. Special Term granted the motion. It emphasized that VWAG had shown that the seat belt failure was caused by a defective locking mount and mechanism. Special Term, however, merely stated that Luby's work on the passenger door "might free" VWAG from liability. It did not resolve this second issue in VWAG's favor. There is proof in the record that suggests the door lock mechanism was defective. Although VWAG manufactured the door lock mechanism, there is evidence tending to show that, prior to the occurrence, Luby did some work upon the doors of the Elkan vehicle. A trial is necessary to determine whether (i) the door lock mechanism was defective and (ii) any defect was caused by Luby or VWAG, or both. With regard to the seat belt system, the report of plaintiffs' expert, American Standards Testing Bureau, Inc. (ASTBI), indicates that a "gamma leg" bent to the right during impact. The ASTBI report states that, as a result of the "gamma leg" bending, Diane's belt was permitted to become disengaged. This evidence suggests that there might have been a design defect in the placement of this anchor point by VWAG. That matter must also be left for trial. Concur — Murphy, P. J., Asch, Fein, Milonas and Kassal, JJ.

■ In the Matter of JOHN SATTA, for Reinstatement. — Cross motion to disaffirm recommendation of the hearing panel and to deny reinstatement granted, and motions for reinstatement denied, as indicated in the order of this court. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Kassal, JJ.